# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

GS HOLISTIC, LLC,

                 Plaintiff,          :          Case No. 1:23-cv-638

                                         District Judge Walter H. Rice

- vs -                                   Magistrate Judge Michael R. Merz

LEBANON SMOKES AND THINGS,
    INC., et al.,

                 Defendants.          :

---

# DECISION AND ORDER

---

       This case is before the Court on Plaintiff's Motion to Strike (ECF No. 9).  Defendants oppose the Motion (ECF No. 14) and Plaintiff's deadline for filing a reply in support under S. D. Ohio Civ. R. 7.2 has expired.  Thus the Motion is ripe for decision.

       The case was recently reassigned to District Judge Walter H. Rice and referred to the undersigned to help balance the workload in the District (ECF No. 12).  Judge Rice has also entered a Supplemental Order of Reference clarifying the undersigned's role in the case to include "any and all functions authorized for full-time United States Magistrate Judges by statute" (ECF No. 12) with certain specified exceptions.  28 U.S.C. § 636(b)(1)(A) authorizes magistrate judges to "hear and determine any pretrial matter" with exceptions which do not include motions to strike affirmative defenses.  Hence it is appropriate for the undersigned to decide the instant motion in the first instance, reserving the parties' right to appeal to Judge Rice from an adverse ruling.

Plaintiff seeks to strike Defendants' Sixth Affirmative Defense which asserts "[All or some of] Plaintiff's claims are barred by virtue of the conduct of third parties over which Defendants had no control." (Motion, ECF No. 9, PageID 47, quoting Answer, ECF No. 7, PageID 40). Plaintiff asserts the Answer gives it no fair notice of who the third parties are or what conduct by them is in issue. Plaintiff also seeks to strike Defendants' Eighth Affirmative Defense which asserts Plaintiff has failed to join necessary parties on the same basis. *Id.*

Defendant opposes the Motion to Strike, arguing that its Answer satisfies the requirement that it give fair notice of the nature of the defense and is appropriately general given the status of discovery and investigation in the case and the short time a defendant has to file an answer (ECF No. 14).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court replaced the "notice" pleading standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Under the new standard, "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.* at 555, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

However, affirmative defenses are not held to the pleading standards of complaints adopted in *Twombly* and *Iqbal*. "Instead, '[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient ... as long as it gives plaintiff fair notice of the nature of the defense.'" *Pough v. Dewine,* 2022 U.S. Dist. LEXIS 118232, 2022 WL 2437140 (S. D. Ohio Jul. 5, 2022)(Gentry, M.J.), quoting *Lawrence v. Chabot,* 182 F. App'x 442, 456 (6th Cir. 2006)(quoting 5 Wright & Miller, *Federal Practice and Procedure* § 1274). Defendant cites consistent precedent from District Judges Rice and Black. The undersigned has followed *Pough* in *GS Holistic v.*

*Eastown Smoke Shop,* 2024 WL 19988 (S.D. Ohio Jan. 2, 2024), and Plaintiff offers no argument for deviating from that precedent.[1]

      The Motion to Strike is DENIED.


January 25, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[1] The undersigned is not bound to follow those decisions because there is no such thing as "the law of the district." *Threadgill v. Armstrong World Industries, Inc.,* 928 F.2d 1366, 1371 (3rd Cir. 1991).  Rather, the undersigned chooses to follow them because they are persuasive.